Verdict for defendants.

## Case No. 9,136.

### MARSHALL et al. v. WILLIAMS.

[2 Biss. 255;[1] 3 Am. Law T. Rep. U. S. Cts. 77; 18 Int. Rev. Rec. 165; 2 Chi. Leg. News, 201; 5 Leg. Gaz. 337.]

Circuit Court, N. D. Illinois. March Term, 1870.

PRINCIPAL AND AGENT—COMMISSION MERCHANT—INSTRUCTIONS—CREDIT—WAIVER.

1. Commission merchant is liable to his principal if he sells goods contrary to instructions, or is guilty of negligence in the sale.

2. The receiving without objection accounts of sales made on credit, is a waiver of a previous instruction to sell for cash, and the merchant may afterward presume that he has the right to make further sales on credit.

The defendant, George F. Williams, while acting as the agent of the plaintiffs in selling oil on commission for them sold on fifteen days credit, on the 18th of January, 1867, ninety-two barrels to McCormick and Callender, who soon afterwards failed, whereupon plaintiffs brought this action to recover the value of the oil. On the 16th of August, 1866, the plaintiffs had by letter instructed the defendant in selling oil for them to sell according to the "net cash rule." Nevertheless the oil subsequently sold by the defendant for the plaintiffs was sold not for cash, but on credit, sometimes more than fifteen days, sometimes less—and returns made accordingly.

George Willard, for plaintiffs.

S. A. Goodwin, for defendant.

DRUMMOND, Circuit Judge. The defendant is accountable, in the first place, if he has sold the oil contrary to the instructions of the plaintiffs, and secondly, if he has been guilty of any negligence in the sale by which they have been damnified.

The testimony introduced as to the commercial meaning of these words, "net cash rule" is not of such a character that the court can place any stress upon it; the result seems to be that the language is interpreted according to the notion of each particular merchant. Some construed it in one way, and some in another. There is no general understanding among commercial men applicable to the use of such language, therefore the court must place a legal construction upon it, which is that the oil was to be sold for cash. If the case stood upon that alone, then perhaps there would be no doubt that the plaintiffs could recover. But the subsequent transactions show that if that was the purport of the instructions, it was waived, and the business was done upon a different basis.

The credits given from time to time on sales by the defendant, were known to the plaintiffs, and if it was their intention to hold defendant up to the cash rule they should have at once notified him that such sales

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

were contrary to their instructions and that they must sell for cash. But having accepted without objection the accounts of sale made from time to time by the defendant, and drawn for and received the balances, it must be considered that their letter of the 16th of August was modified by these subsequent recognitions of the credits given by the defendant. Accordingly the presumption is that defendant had the right to sell to McCormick and Callender on fifteen days credit in the same way as he had previously sold to other parties.

This is the construction that must be placed on the conduct of the plaintiffs unless it was the understanding and contract that the defendant was selling on a guaranty of the sales made. If that was so, and the plaintiffs were warranted in believing that it was so understood by the defendant, as a matter of course the change from cash to credit would not be objected to; but I doubt whether the plaintiffs could have so understood it. These sales and reports were made from time to time at the usual commissions charged. Now can it be possible that the defendant believed he was selling on a del credere commission and guaranteeing every sale that he made?

I cannot so interpret the conduct of the parties. I do not know what the facts may be in the commercial world. It may be that commission merchants are so anxious to get business that they may guaranty sales if they receive the property, and have the right to sell it, taking the ordinary commissions, but I do not suppose, and certainly it cannot be inferred from the testimony in this case that such practice prevails in Chicago; and therefore I cannot infer that that construction is to be given to the plaintiffs' conduct.

The only remaining question is, did the defendant act with reasonable diligence and good faith in the sales. Some things had occurred, undoubtedly, calculated to throw suspicion upon the commercial standing of McCormick and Callender, but it cannot be claimed in this case that those circumstances were known to the defendant, or to his agent. The agent who transacted the business expressly states that so far as he knew, he believed that McCormick and Callender were in good standing, and a suspicion as to their position seems not to have been known to a large number of the merchants engaged in the same kind of business, and of course may not have been known to the defendant.

It would be hard merely because a whisper is circulated among men affecting the standing of a merchant, that another should be held accountable for the fact, if it has been indicated to others, and not to himself. So that taking all the testimony together, I cannot say the defendant was guilty of any negligence in the sale of this property to McCormick and Callender. The weight of evidence is that their standing in the community was good at the time of this sale.

This is a hard case undoubtedly on plaintiffs, but somebody has to lose his money. It is a question whether it shall be lost by the defendant or plaintiffs. If the sale was at the owner's risk, then the owner should lose; if at the risk of the defendant, he should lose.

Plaintiffs by permission of the court took a non-suit.

NOTE. A sale by a factor contrary to the order of his principal, may be afterward affirmed by the receipt of the proceeds. Morse v. Smith, Dud. (S. C.) 248. Where a commission merchant from time to time sends an account of sales to his principal, who makes no objection and draws for the balance of account rendered, it is a ratification of the sales, and the principal cannot recover for any alleged violation of instructions as to the terms of sale. Woodward v. Suydam, 11 Ohio, 360.

---

MARSHALL COUNTY (SCHENCK v.). See Case No. 12,449.

MARSHAL OF DISTRICT OF COLUMBIA (RIDDLE v.). See Case No. 11,808.

MARSHAL OF DISTRICT OF COLUMBIA (WILSON v.). See Case No. 17,822.

MARSHAL OF DISTRICT OF NORTH CAROLINA (UNITED STATES v.). See Case No. 15,727.

MARSHAL OF UNITED STATES (ARNOLD v.). See Case No. 560.

MARSHAL'S AUTHORITY TO ADJOURN UNITED STATES COURTS. See Fed. Cas. Append.

MARSHALS' FEES IN BANKRUPTCY CASES. See Fed. Cas. Append.

MARSTELLER (ARELL v.). See Case No. 514.